**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION**

| | | |
|---|---|---|
| BERNARDINO ELIGIO-BARTOLO, | § | |
| "Petitioner," | § | |
| | § | |
| v. | § | |
| | § | Civil Action No. 1:26-cv-00688 |
| JOSE GARCIA LONGORIA, JR., *et al.,* | § | |
| *in their official capacities,* | § | |
| "Respondents." | § | |

**ORDER**

Before the Court is Petitioner's "Petition for Writ of Habeas Corpus and Request for Order to Show Cause" (Dkt. No. 1) ("Petition") and "Respondents' Motion to Dismiss Petition for Writ of Habeas Corpus as Moot" (Dkt. No. 8) ("MTD").

By their MTD, Respondents notify the Court of Petitioner's removal from the United States and request dismissal of the Petition on mootness grounds. *See generally* Dkt. No. 8. The Court concludes from this filing that the Petition is now moot. For the Court to retain subject matter jurisdiction over this case, the Petition must continue to present a live case or controversy. *Herndon v. Upton*, 985 F.3d 443, 446 (5th Cir. 2021) (citing *Spencer v. Kemna*, 523 U.S. 1, 7 (1998)). Otherwise, the case is moot, and the Court is deprived of jurisdiction. A case becomes moot when it is "impossible for a court to grant any effectual relief whatever to the prevailing party." *Herndon*, 985 F.3d at 446 (quoting *Knox v. Serv. Emps. Int'l Union, Loc. 1000*, 567 U.S. 298, 307 (2012).

The Petition sought two main forms of relief: (1) release from detention and (2) an order prohibiting transfer outside of this district. Dkt. No. 1 at 11-12. Because Petitioner's removal presupposes his release from Respondents' custody and thus eliminates any possibility of transfer to another detention facility, there is no longer a live case-or-controversy for which this Court can offer relief.

Accordingly, Respondents' MTD (Dkt. No. 8) is **GRANTED** and the Petition (Dkt. No. 1) is **DISMISSED** as moot. The Clerk of the Court is **ORDERED** to close this case.

1 / 2

SIGNED this July 10, 2026

_____
Rolando Olvera
United States District Judge